IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL ACTION FILE |
| ) | |
| KEITH ANTHONY JACKSON, ) | NUMBER 1:10-cr-240-TCB |
| ) | |
| Defendant. ) | |

# **O R D E R**

This case is currently before the Court on Magistrate Judge Brill's Report and Recommendation (the "R&R") [74]. No objections to the R&R have been filed. Also before the Court is Jackson's motion to expedite resolution of his motion to amend his presentence report and for the undersigned to recuse from this case [76].

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th

Cir. 1982)).[1] Where no objection to the R&R is made, it need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2] After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

The Court has carefully reviewed the R&R and finds no plain error in its factual or legal conclusions. Therefore, the Court ADOPTS AS ITS ORDER the R&R [74]. Jackson's § 2255 motion [68], amended § 2255 motion [70], and motion to amend his presentence investigation report [73]

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing continuing validity of *Nettles*).

[2] *Macort* addressed only the standard of review applied to a magistrate judge's factual findings; however, the Supreme Court has held that there is no reason for the district court to apply a different standard of review to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases). By contrast, the standard of review on appeal distinguishes between the factual findings and legal conclusions. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when magistrate judge's findings of fact are adopted by district court without objection, they are reviewed on appeal under plain-error standard, but questions of law remain subject to de novo review).

are DENIED, as this Court does not have jurisdiction while Jackson's direct appeal is pending. Resolution of the R&R also moots the portion of Jackson's motion seeking an expedited ruling on his motion to amend his presentence report. Furthermore, Jackson's request that the undersigned recuse from this case is without merit. Accordingly, his motion [76] is DENIED.

IT IS SO ORDERED this 11th day of June, 2012.

_____
Timothy C. Batten, Sr.
United States District Judge